**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ASTRIED MANDARINI, BRUCE ALLEN RESIWAIN<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72225<br><br>Agency Nos.    A096-357-212<br>                      A096-357-213<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and WOLF, Senior District
Judge.[**]

Astried Mandarini and her husband Bruce Allen Resiwain, as a derivative

beneficiary of Mandarini's claims, petition for review of the Board of Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark L. Wolf, Senior District Judge for the U.S.
District Court for the District of Massachusetts, sitting by designation.

Appeal's ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") decision finding Mandarini ineligible for asylum, withholding of removal, and Convention Against Torture ("CAT") protection.[1] We deny the petition for review.

The IJ's conclusion that Mandarini failed to establish past persecution or a well-founded fear of future persecution is supported by substantial evidence. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). The two incidents that Mandarini experienced in Indonesia, though frightening, do not rise to the level of past persecution. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995). Further, Mandarini failed to demonstrate that the incidents were "committed by the government or forces the government is either unable or unwilling to control." *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010).

The IJ's determination that Mandarini failed to establish a well-founded fear of future persecution is also supported by substantial evidence. The IJ correctly found that Mandarini's return trips to Indonesia undermined her testimony that she subjectively fears returning to Indonesia. *See Loho v. Mukasey*, 531 F.3d 1016,

---

[1] We grant Mandarini's unopposed motion to file an amended petition for review. The court documents shall be amended to indicate that Mandarini's husband, Bruce Allen Resiwain, is included as a rider to Mandarini's petition for review.

1017–18 (9th Cir. 2008) ("It is well established in this court that an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution."). Mandarini failed to demonstrate that her return trips were motivated by any concerns that would compel a different conclusion. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1050 (9th Cir. 2005).

Mandarini also failed to establish that her fear of future persecution on the basis of her ethnicity, religion, or involvement with the Front Kedaulatan Malaku ("FKM") was objectively reasonable. *See Zehatye*, 453 F.3d at 1186 (9th Cir. 2006). Mandarini's evidence does not compel the conclusion that she is perceived as Moluccan, or that Moluccans are persecuted in Indonesia. She likewise failed to establish that her membership in the FKM will subject her to persecution in Jakarta. Further, the IJ's finding that country conditions in Indonesia have greatly improved since the height of interreligious violence occurred between 1999 and 2002 is supported by substantial evidence.

Finally, we note that the IJ properly reviewed Mandarini's asylum and withholding applications under the "disfavored group" analysis. *See Halim v. Holder*, 590 F.3d 971, 977-80 (9th Cir. 2009). Although it is true that intervening decisions have held that Christians in Indonesia are a disfavored group,

3

*see Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), the IJ's finding that Mandarini failed to show sufficient "individualized risk" of persecution to qualify for asylum on this basis is supported by substantial evidence. *Halim*, 590 F.3d at 978.

That Mandarini failed to qualify for asylum necessarily makes her ineligible for withholding of removal. *See Zehatye*, 453 F.3d at 1190 ("[The] clear probability standard for withholding of removal is more stringent than the well-founded fear standard governing asylum."). Finally, Mandarini produced no evidence that she would be tortured if returned to Indonesia, as required for relief under CAT. *See Halim*, 590 F.3d at 980 n.7.

Accordingly, Mandarini's petition for review of her application for asylum, withholding of removal, and CAT protection is denied.

**DENIED.**